**No. 58410.**—John S. Connor *v.* United States, protest 134231–K (Baltimore).

EKWALL, Judge: Plaintiff in this case seeks recovery of duties assessed and collected at the port of Baltimore, Md., on certain birch plywood imported from Finland, which arrived in the United States October 17, 1946. Duty was assessed thereon at the rate of 25 per centum ad valorem under paragraph 405 of the Tariff Act of 1930, as modified by the reciprocal trade agreement with Finland, embodied in T. D. 48554. On October 24, 1946, the estimated duties having been paid, a delivery permit was issued. However, the record discloses that certain functions, such as measuring, remained to be performed by customs officials before actual release of the merchandise from customs custody. The action of the collector in assessing duty appears to have been based upon the ground that, in his view, the merchandise was entered for consumption prior to the effective date of a Presidential proclamation of October 25, 1946 (Presidential Proclamation No. 2708, 11 F. R. 12695; T. D. 51565), under authority of which the Acting Secretary of the Treasury promulgated regulations (81 Treas. Dec. 231, T. D. 51565) authorizing collectors of customs to admit free of duty certain timber, lumber, and lumber products, including plywood, classifiable under paragraph 405, *supra*, "if entered for consumption or withdrawn from warehouse for consumption on and after the date of the proclamation." The question before us is the construction to be placed upon the phrase "entered for consumption," as used in said regulations. It is contended on behalf of the plaintiff that this plywood was entered for consumption subsequent to the effective date of the said proclamation for the reason that the entry was not completed until all legal steps had been accomplished in order to obtain release of the merchandise from customs custody.

At the hearing, counsel submitted the case upon the following stipulation:

That the merchandise under protest consists of 349 bales of birch plywood classified under Par. 405 of the Tariff Act of 1930 which arrived in Baltimore on October 17th, 1946 on the SS VRETAHOLM from Finland.

That on October 24, 1946, the importer filed a consumption entry, #542, covering said merchandise; paid the estimated duties assessed under Par. 405 at 25% ad valorem; and received release permit from the Collector on Customs Form 7501–A, which stated thereon in the column headed "Examination order and other action to be taken", "MEASURE", indicating that prior to release from Customs custody the said merchandise should be examined by the appraising officials on the wharf where it had been unloaded from the vessel and measured by the Government measurer.

That on October 25, 1946 a notice was issued to the importer on Customs Form 4647 stating that said merchandise was not properly marked to show the Country of origin.

That on October 24, 1946 samples were taken by the Appraiser; samples for classification purposes.

That on October 30, 1946 the Government measurer measured the said merchandise and that the said importer could not obtain possession of the said merchandise, and have it released from Customs custody until it had been measured by the Government measurer.

That on November 4, 1946 the importer requested permission to remove the said merchandise from the said pier and to take it to the premises of the importer for the purpose of marking said merchandise to show the country of origin, and that permission was given to do so on November 7, 1946, on which date the said merchandise was so removed from the pier and taken to the importer's premises.

That on November 25, 1946, the Government inspector reported that the said merchandise had been properly marked to show the country of origin.

That the official papers on file with the Court may be received into evidence.

From the above agreed facts, it is apparent that the plywood was not measured until October 30, 1946, and that the importer could not obtain possession of the merchandise and release from customs custody until after such measurement had been accomplished. It further appears that the plywood was not legally marked to show the country of origin until November 25, 1946.

The facts as shown by the record bring the case squarely within the decision in the case of United States v. Mussman & Shafer, Inc., 40 C. C. P. A. (Customs) 108, C. A. D. 506. There, the court held that the permit of delivery, issued under similar circumstances to those here involved, did not pass unconditional control of the plywood from customs custody to the importer or owner. Therefore, the court affirmed the decision of this court reported in 27 Cust. Ct. 180, C. D. 1367, and held that the goods did not enter the commerce of this country until nothing remained to be done by the customs officials except to honor the delivery permit and release the goods which in that case, as here, was subsequent to the effective date of the Presidential proclamation, supra, admitting such merchandise to entry free of duty.

Under authority of the case cited, we sustain plaintiff's claim herein that the plywood is entitled to free entry under said proclamation.

Judgment will be rendered accordingly.